**FILED**
-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OCT 05 2015

CLERK, US DISTRICT COURT, WDNY

SHANNON CAMPBELL,

        Petitioner,

        -v-

SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY,

        Respondent.

**DECISION and ORDER**
15-CV-0389-A

On May 1, 2015, petitioner filed a petition for a writ of habeas pursuant to 28 U.S.C. § 2254. The Form Petition was unsigned and failed to state the "Grounds/Claims" petitioner was raising in support of his petition. (Docket No. 1.) The Form Petition asks a number of questions related to the criminal conviction being challenged--*e.g.*, petitioner's efforts to exhaust state judicial remedies and the grounds being raised--but petition left many of the questions blank or failed to provide the information requested. For example, petitioner did not state the court and county in which he was convicted, nor did he state the criminal offense(s) for which he was convicted. The petition stated only that he was convicted following a jury trial (Petition, ¶¶ 2-4), that he was convicted on June 2 and August 20, 2009 (*id.*, ¶¶ 3-4), that his sentence was harsh and excessive and the verdict was against the weight of the evidence, that the issues raised on appeal to an unspecified appellate court (e.g., New York State Supreme Court, Appellate Division, First, Second, Third

or Fourth Departments) were: the failure to sever his trial from the co-defendants' trial denied him a fair trial, the aggregate sentence of 42 years was unduly harsh (*id.*, ¶ 9), and petitioner had sought review in a higher court and the issues raised therein were: verdict was against weight of evidence, the trial court failed to sever his trial from the co-defendants and the sentence was harsh (*id.*, ¶ 11).[1]

Petitioner also failed to pay the filing fee or submit a motion to proceed *in forma pauperis*.

On May 14, 2015, the Court entered an Order administratively terminating the petition without prejudice because petitioner had not paid the $5.00 filing fee nor submitted a motion to proceed *in forma pauperis*. Petitioner was advised that he could re-open the petition by either paying the filing fee or submitting a motion to proceed *in forma pauperis* by June 22, 2015. The Court also directed petitioner to file a **signed** amended petition, which fully responded, as best he could, to each of the questions set forth in the Form Petition. Petitioner was advised that, at the very least, he had to respond to ¶ 22, which asks a petitioner to set forth the grounds/claims he was raising in his petition. (Docket No. 2.)

---

[1] A letter submitted with the petition but docketed later noted that petitioner was sentenced to 42 years and that the sentence imposed was harsh and excessive, the verdict was against the weight of the evidence, the trial court failed to sever his trial and he was denied leave to appeal. (Docket No. 4) While one may attempt to liberally construe the petition to cobble together a sufficient petition from the petition and letter, the information submitted was insufficient for the Court to review it as required pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition and letter failed to provide information necessary to allow the Court to review such issues as exhaustion, timeliness and whether the petitioner raised federal constitutional claims cognizable on habeas review. The Court, therefore, directed petitioner to file an amended petition. (Docket No. 2, Order.)

On May 21, 2015, petitioner filed a motion for the appointment of counsel (Docket No. 5), and on June 3, 2015, he filed a letter informing the Court that he filed the petition "prematurely" and intended to file a state court motion for collateral relief pursuant to N.Y. Crim. Proc. L., § 440.10 in the "very near future." (Docket No. 6.) He stated that "[a]fter the collateral proceedings [viz., the § 440.10 motion] are fully exhausted[,] [h]e will return to this Court." (Id.) Because the petition was administratively closed and petitioner had not paid the filing fee nor submitted a motion to proceed in forma pauperis, the petition had not been re-opened and, therefore, the motion for appointment of counsel was moot and there was no need to enter an Order dismissing the petition based on petitioner's voluntary dismissal of the petition pursuant to Fed.R.Civ.P. 41(a)(1)(A).

On August 24, 2015, plaintiff filed a Letter Motion stating that he now wished to challenge his conviction and that he was asking for an attorney to represent him "in the very near[;] future collateral proceedings are fully exhausted [and] I will return to the Court." (Docket No. 7.) Because the petition was administratively closed and because petitioner had not sought to re-open the petition by paying the filing fee or submitting a motion to proceed in forma pauperis on or before June 22, 2015, there was no petition currently pending in this Court.

On August 27, 2015, the Court entered an Order, advising petitioner that if he wished to re-file a petition under 28 U.S.C. § 2254 challenging his state court conviction, he had to file a new petition and either pay the filing fee or submit a

motion to proceed *in forma pauperis* at the time he filed the petition. (Docket No. 8, Order.) The Court also denied petitioner's motion for appointment of counsel.[2] The Order directed that the Clerk of Court to forward to petitioner, along with a copy of the Order, a Form Petition for a Writ of Habeas Corpus, a Form Motion to Proceed *In Forma Pauperis* and a copy of the initial petition filed in this matter.

On September 14 and 24, 2015, three letters from petitioner were filed indicating clearly that petitioner did not understand the status of his petition nor the Court's explicit instructions that he had to file a new petition and either pay the filing fee or submit a motion to proceed *in forma pauperis*. (Docket Nos. 9, 10 and 11.) The first letter, dated September 2, 2015, which is very confusing--as all petitioner's submissions are--appears to state that he has already submitted a petition and needs to make copies of some unspecified documents but he does not have the necessary funds in his account to make such copies. He also states that he is looking for an attorney and asks the Court to "return this back ASAP or make the appropriate decision." He further notes that he "went" to the Appellate Division, Fourth Department and submitted a "leave application" to the New York Court of Appeals. He also asks if the Court could help him. (Docket No. 9.) The second

---

[2]Petitioner was advised that he may re-file a motion for the appointment of counsel at the time he files a new petition but that a petitioner challenging a state court conviction under 28 U.S.C. § 2254 does not have a constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), *see Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994). Otherwise, the appointment of counsel is within the judge's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

letter, also dated September 2, 2015, appears to ask for the appointment of counsel on the habeas petition he had submitted to the Court. (Docket No. 10.)

The third letter, dated September 9, 2015, and presumably authored after petitioner received the Court's August 27, 2015 Order in which the Court directed him to file a new petition and either pay the filing fee or submit a motion to proceed *in forma pauperis*, indicates, as best the Court can discern, that petitioner has raised all his grounds in his petition and he wants the petition to be reviewed by the "highest court . . . ." He also states that he has a "cop[y,] everything is fill[ed] out already and will send it back. I have left anything blank[;] it is correct so hope I could get some of this time knock[ed] down soon or bring me back down to court after they look through the paper work. The [Fourth] Department ... shot it down already so could you give me the next highest I could write about or highest Judge name." (Docket No. 11.)

Based on these letters, it is clear to the Court that petitioner wants to proceed with his petition. Petitioner does not understand what he must do to file a sufficient petition and that his petition cannot proceed in this Court unless and until he pays the $5.00 filing fee or submits a motion to proceed *in forma pauperis*. Because the Court cannot proceed without payment of the filing fee or a motion to proceed *in forma pauperis* and because the petition submitted originally was not signed and lacked sufficient information for the Court to review it properly, the Court has no alternative but to again direct petitioner to file a signed and fully completed petition

for a writ of habeas corpus **and** either submit the $5.00 filing fee or a motion to proceed *in forma pauperis*. Without these items, the Court cannot proceed with the petition as petitioner has requested. Accordingly,

IT IS HEREBY ORDERED that petitioner must file a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 **and** either submit the $5.00 filing fee or a motion to proceed *in forma pauperis;* and

FURTHER, that the Clerk of the Court is directed to forward to petitioner with a copy of this Order, a copy of the initial petition, a Form Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody, and a Form Motion to Proceed *In Forma Pauperis*.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated:   Oct. 2, 2015